Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4978 ~~(94 CR 339)~~ | **DATE** | 10/11/2000 |
| **CASE TITLE** | LINDA HARDISON vs. UNITED STATES OF AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Linda Hardison's motion to vacate, set aside or correct sentence [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 13 2000 date docketed | | 8 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FC-7 FILED FOR DOCKETING | 10/11/2000 | |
| | Copy to judge/magistrate judge. | 00 OCT 12 PM 4:59 | date mailed notice | |
| SB | courtroom deputy's initials | | jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA HARDISON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 4978 |
| | ) | (94 CR 339) |
| v. | ) | |
| | ) | Suzanne B. Conlon, Judge |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
OCT 1 3 2000

## MEMORANDUM OPINION AND ORDER

Defendant Linda Hardison moves to vacate, set aside or correct her 188 month sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

I  **Trial and direct appeal**

On August 9, 1994, Hardison was convicted by a jury on 31 counts, including possession of cocaine with intent to distribute, use of telephones to facilitate narcotics offenses, and conspiring to possess and distribute narcotics. On August 19, 1994, this court granted Hardison and her co-defendants a new trial with respect to the conspiracy charges, but declined to grant a new trial with respect to the remaining convictions.

On September 16, 1994, during a pre-trial conference prior to the second trial, the government disclosed to Hardison's attorney a tape recording of a telephone call between Kurt Cargle and Leon Smith. Cargle and Smith were named as co-defendants in this indictment. Both Cargle and Smith pled guilty to the conspiracy charges and Smith testified as a government witness at the first trial. At some point after Cargle pled guilty, he had a telephone conversation with Smith. Cargle recorded the



conversation without Smith's or the government's knowledge. The tape recording suggests Smith might lie in court in order to receive a more lenient sentence. The government learned of the tape recording after the first trial. Neither Smith nor Cargle testified at the second trial.

On September 23, 1994, Hardison and her co-defendants were tried before a second jury on the conspiracy charges. On October 3, 1994, Hardison was convicted and sentenced to 188 months imprisonment. Hardison obtained new counsel and appealed the conviction. The Seventh Circuit affirmed Hardison's conviction and sentence. United States v. Smith, 107 F.3d 13 (7th Cir. 1997). Hardison did not file a petition for a writ of *certiorari*.

**II      Post-conviction proceedings**

**A      Section 2241 petition**

On November 16, 1998, Hardison, along with co-defendants Eugene Washington, Kurt Cargle and Tony Hamilton, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. United States ex rel. Eugene Washington v. United States, 98 C 7369 (N.D.Ill. 1998) (Holderman, J.). On December 14, 1998, the petition was dismissed because §2241 was not applicable. The court ruled petitioners' sole remedy was a § 2255 petition. Id. On January 7, 1999, defendants moved for reconsideration of the dismissal order. On February 12, 1999, Judge Holderman denied the motion for reconsideration. On April 4, 2000, the Seventh Circuit upheld the dismissal of the § 2241 motion. Washington v. United States, No. 99-2043 (7th Cir. April 4, 2000).

**B      Section 2255 Motion**

On August 17, 2000, Hardison filed this § 2255 motion. The petition asserts a right to post-conviction relief on the grounds that: (1) the government failed to disclose the tape-recording of the telephone conversation between co-defendants Cargle and Smith, in violation of Brady v. Maryland,

2

373 U.S. 83 (1963); (2) trial counsel rendered ineffective assistance of counsel by failing to inform Hardison of the existence of the Cargle-Smith tape recording, not using the tape recording as evidence at her second trial, and not preserving issues relating to the tape recording for direct appeal; (3) the government knowingly presented perjured testimony by Ronald O'Neal; and (4) two affidavits executed by O'Neal constitute "newly discovered" evidence justifying post-conviction relief. The government argues that the first two claims are time-barred and procedurally defaulted and the remaining two claims are without merit.

## DISCUSSION

### I    Claims relating to the Cargle-Smith tape

The government asserts that Hardison's two claims relating to the Cargle-Smith tape, the purported Brady violation and ineffective assistance of trial counsel, are time-barred and procedurally defaulted.

#### A    Statute of limitations

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 and placed a one-year statute of limitations on the filing of motions under § 2255. The one-year limitations period begins to run from:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

When no petition for a writ of *certiorari* is filed with the Supreme Court, a judgment becomes final for the purposes of § 2244(d)(1)(A) when the mandate is issued on direct appeal. Gendron v.

United States, 154 F.3d 672, 674 (7th Cir. 1998). Thus, Hardison's judgment of conviction became final when the Seventh Circuit issued its mandate on February 18, 1997. The AEDPA one-year statute of limitations expired on February 18, 1998. Hardison's claims related to the Curgle-Smith tape were not filed until August 15, 2000 and are thus time-barred under § 2244(d)(1)(A).

The claims are also time-barred under § 2244(d)(1)(D). The latest date Hardison learned of the existence of the tape was November 16, 1998, when she, along with co-defendants Washington, Cargle and Hamilton, filed a petition under 28 U.S.C. § 2241 raising claims relating to the tape. Thus, the facts supporting the claims relating to the tape were known to Hardison at least 21 months prior to the filing of her § 2255 motion and the claims are time-barred under § 2244(d)(1)(D).

The AEDPA one-year statute of limitations is subject to equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999). Under this doctrine, Hardison's failure to file her habeas petition within the limitations period may be excused only if she shows that she "could not, despite the exercise of reasonable diligence, have discovered all the information [s]he needed in order to be able to file [her] claim on time." Id. at 597-98. In other words, "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. May 15, 2000). Equitable tolling is granted sparingly. Id. (citing Irwin v. Dep. of Veterans Affairs, 498 U.S. 89, 96 (1990)).

Hardison has not proffered any conditions that entitle her to equitable tolling. Hardison possessed all the information raised in her § 2255 motion prior to expiration of the statute of limitations. Hardison has not advanced any circumstances beyond her control that prevented her timely filing.

4

Hardison does allege that she relied upon the advice of an attorney in proceeding under § 2241 rather than § 2255. Memorandum in Support of Delayed Filing of § 2255 Motion, 6-11. However, "[a] lawyer's mistake is not a valid basis for equitable tolling." Taliani, 189 F.3d 597, 598 (7th Cir. 1999). Thus, Hardison has not alleged any facts that would entitle her to equitable tolling, and the claims related to the Cargle-Smith tape are time-barred.

**B    Procedural default**

None of the claims raised by Hardison in this § 2255 motion were raised on direct appeal. Smith, 107 F.3d at 13. Constitutional errors not raised on direct appeal may not be raised in a § 2255 motion unless the defendant can demonstrate either: (1) both good cause for her failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims; or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (citing Reed v. Farley, 512 U.S. 339 (1994)).

**1    Good cause**

Hardison has not shown good cause for failing to raise her claim that the government did not disclose the Cargle-Smith tape in violation of Brady v. Maryland. Good cause normally requires a showing of some external objective impediment to the petitioner's presentation of her claim, such as the unavailability of the factual or legal bases for a claim, or interference by state officials. Murray v. Carrier, 477 U.S. 478, 485-487 (1986). The Cargle-Smith tape was disclosed in open court during a pre-trial conference. That conference was transcribed and was part of the record. The record was available to both Hardison and her appellate counsel prior to direct appeal. Hardison admits she does not know if her appellate counsel was aware of the tape's existence. Pl. Mem., 4. Hardison's

5

appellate counsel told her that he would review the trial record. Id. at 5. In sum, all necessary facts were available to Hardison when she made her direct appeal. Therefore, she has failed to allege facts that constitute good cause for her failure to raise the issue of a Brady violation on direct appeal.[1]

Hardison also fails to show good cause for not raising her claim of ineffective assistance of trial counsel on direct appeal. Most claims of ineffective assistance of counsel are properly raised for the first time in a § 2255 motion rather than on direct appeal. McCleese, 75 F.3d at 1178. However, "[w]here a defendant offers no extrinsic evidence to support [her] claim of ineffective assistance of counsel and [s]he was represented by different counsel on appeal, that defendant must bring that claim on direct appeal or face procedural default for failing to do so." Id. Hardison alleges her trial counsel was ineffective because he failed to inform her of the existence of the Cargle-Smith tape, did not use the tape at her second trial, and did not preserve the issue for appeal. None of these allegations involves evidence outside the record. These issues could have been presented on direct appeal. Hardison had separate trial and appellate attorneys, so there is no reason her appellate attorney could not have raised an ineffective assistance of trial counsel claim on direct appeal. Dugan v. United States, 18 F.3d 460, 464 (7th Cir. 1994). As a result, Hardison has procedurally defaulted her ineffective assistance of trial counsel claim.[2]

---

[1] Even if the Brady claim were not time-barred or procedurally defaulted, it lacks merit. Hardison does not dispute that her trial counsel was provided with the Cargle-Smith tape as soon as the government became aware of the tape's existence. § 2255 Motion ("Mot."), 3. Providing defense counsel with exculpatory evidence when it is acquired satisfies a prosecutor's duty under Brady. United States v. Bagley, 473 U.S. 667, 675 (1985).

[2] Even if Hardison's claim of ineffective assistance of trial counsel were not time-barred and procedurally defaulted, it lacks merit. Counsel's failure to introduce the tape at the second trial and to inform Hardison of the existence of the tape fall far short of the prejudice Hardison is required to show to satisfy Strickland v. Washington, 466 U.S. 668 (1984).

6

### 2      Prejudice

Even if Hardison were able to show good cause for her failure to raise her Brady and ineffective assistance of trial counsel claims, she fails to show prejudice. A petitioner may show prejudice by demonstrating there is a reasonable probability the claimed constitutional violation adversely affected the outcome of the trial or appeal. Strickland v. Washington, 466 U.S. 668, 695 (1984). Hardison must show not only that the alleged errors created the possibility of prejudice, but they worked to her actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. Murray v. Carrier, 477 U.S. 478, 494 (1986).

Hardison has failed to demonstrate a reasonable probability that the alleged errors adversely affected the outcome of her trial or appeal. As discussed previously, neither of Hardison's claims has merit, and thus there is no prejudice. Cuevas v. Henderson, 801 F.2d 586, 591-92 (2d Cir. 1986). The Cargle-Smith tape's primary significance was to impeach the credibility of Cargle and Smith. The tape was unavailable for the first trial and neither Cargle nor Smith testified at Hardison's second trial. Thus, the tape was not relevant at the second trial. Hardison has failed to demonstrate that the outcome of her second trial would have been affected if either: (1) the government had disclosed the tape directly to her; or (2) her trial counsel had tried to introduce the tape at the second trial. Thus, Hardison fails to demonstrate prejudice.

### 3      Miscarriage of justice

Absent cause and prejudice, a federal court may review a defaulted claim only if a fundamental miscarriage of justice is involved. This occurs where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 495-96. This standard

requires Hardison to show that it is more likely than not that no reasonable juror would have convicted her. Schlup v. Delo, 513 U.S. 298, 329 (1995).

Hardison fails to allege facts sufficient to show a fundamental miscarriage of justice. Hardison has not offered any evidence to show actual innocence, as opposed to legal innocence. This is required to support the finding of a fundamental miscarriage of justice. Sawyer v. Whitley, 505 U.S. 333, 339 (1992).

## II    Presentation of perjured testimony

Hardison alleges the government presented perjured testimony by Ronald O'Neal. Mot., 16. O'Neal was a government witness who testified against Hardison at both trials. Hardison alleges she learned of the facts supporting this claim when O'Neal executed two affidavits in August 1999, attached to the § 2255 motion as exhibits K and L. Because Hardison filed her § 2255 motion on August 17, 2000, it is not clear the claim is time-barred by the AEDPA's one-year statute of limitations. Further, because the claim arose after Hardison's direct appeal, the claim does not appear to be procedurally defaulted.

However, Hardison's claim that the government presented perjured testimony is without merit. "To establish a *prima facie* case that a conviction should be vacated because obtained through the use of perjured testimony, a petitioner must show that the testimony was in fact false and the government used it with actual or constructive knowledge of its falsity." Holleman v. United States, 721 F.2d 1136, 1138 (7th Cir. 1983). Hardison has failed to demonstrate the government had knowledge of the falsity of O'Neal's testimony. O'Neal's affidavits were executed five years after Hardison's second trial. There is no evidence the government was aware of the purportedly perjurious nature of O'Neal's testimony at the time of trial. Therefore, the claim must be rejected.

Schaff v. Snyder, 190 F.3d 513, 529 (7th Cir. 1999) (prosecutor did not knowingly use perjured testimony where witness recanted after trial).

Hardison also argues O'Neal admitted committing perjury during the first trial, citing a letter from O'Neal to the government dated August 16, 1994. Mot., Ex. F. This claim appears to be procedurally defaulted, as it could have been presented on direct appeal. Further, if this is a claim that the government knowingly presented false testimony, it lacks merit. This letter was disclosed to the defense as soon as the government received it. The letter was considered when the trial court granted a new trial to Hardison on the conspiracy charges against her. The letter was also used to impeach O'Neal during Hardison's second trial. Therefore, the government did not knowingly present perjured testimony, and Hardison is not entitled to relief based on this claim.

**III  Newly discovered evidence**

**A  O'Neal affidavits**

Hardison claims the O'Neal affidavits constitute newly-discovered evidence justifying relief under § 2255. Mot., Ex. L. This argument is barred by Rule 33 of the Federal Rules of Criminal Procedure, which requires a motion for a new trial based on newly discovered evidence to be filed within two years of the final judgment. A § 2255 motion may not be used to circumvent this limitation. Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993). As a result, Hardison's claims of newly discovered evidence must be rejected.

Even if this claim were not time-barred, Hardison fails to meet her burden of proving the newly-discovered evidence "would probably lead to an acquittal in the event of a retrial." United States v. Reed, 2 F.3d 1441, 1451 (7th Cir. 1993). It is not clear that O'Neal's affidavits amount to a recantation of his testimony at Hardison's trial, as Hardison alleges. One of the affidavits states

Hardison was not hired to keep illegal records for the Shabazz Meat Company. This evidence would not lead to Hardison's acquittal. Regardless of the reason for hiring her, ample evidence at trial made clear Hardison eventually gained knowledge of and participated in a cocaine trafficking business. The second affidavit relates to the timing and number of drug deals between O'Neal and Cargle. The affidavit does not deny that drug deals took place between O'Neal and Cargle, and it is in no way clear how this evidence would lead to an acquittal of Hardison at a new trial. There was ample evidence to convict Hardison of all charges, even without the testimony allegedly recanted by O'Neal. Hardison's claims that the O'Neal affidavits entitle her to a new trial lack merit.

### B      Other factual allegations

Throughout her motion, Hardison makes various factual allegations to buttress her arguments. All of these allegations contain information that was presumably within Hardison's knowledge when her trials took place. Therefore, this evidence is not "newly discovered evidence." Larson v. United States, 905 F.2d 218, 221 (8th Cir. 1990). These factual allegations do not justify relief under § 2255.

### IV     Evidentiary Hearing

Hardison requests an evidentiary hearing before this court. A § 2255 motion should be dismissed without a hearing "if it plainly appears from the facts of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Dugan, 18 F.3d at 464. Hardison fails to allege facts that would, if proven, entitle her to relief. Further, all necessary evidence, including the transcripts of the Cargle-Smith tape recording and O'Neal's affidavits, are a part of the record. An evidentiary hearing is unnecessary to decide this motion.

## CONCLUSION

For the foregoing reasons, Linda Hardison's § 2255 motion to vacate, correct, or set aside her sentence is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

October 11, 2000